## David S. Farley, Treasurer, etc.,

### v.

## The Chicago, Burlington & Northern Railroad Company.

*County Treasurers—Fees—Money Paid under Eminent Domain Act.*

County treasurers are not entitled to two per cent commission, under Sec. 23, Chap. 53, R. S., for receiving and paying out money paid into the treasury in condemnations proceedings, under the Eminent Domain Act. (Sec. 14, Chap. 47, R. S.)

[Opinion filed May 28, 1890.]

Appeal from the Circuit Court of Jo Daviess County; the Hon. James H. Cartwright, Judge, presiding.

This was a proceeding commenced by motion filed by appellee in vacation, after the February term, 1889, of the Circuit Court of Jo Daviess, for rule to be entered against appellant, commanding him to pay over to the appellee the sum of $40,000, deposited with Richard A. Oliver, appellant's successor in office, as the treasurer of said county, in March, A. D. 1886, by appellee, in conformity with Sec. 14 of the "Eminent Domain Act." Appellee had sought to condemn certain property belonging to the Illinois Central Railroad Company in said county, and the above amount was the award of the jury in said condemnation proceeding. The Illinois Central Railroad Company refused to accept said sum as damages, and appealed to the Supreme Court of Illinois, and obtained a reversal on the ground that the property sought to be taken was not subject to condemnation.

Subsequently these two railroad companies made an amicable settlement of their difficulties, and agreed that appellee might withdraw said sum of $40,000 from said treasurer, and retain the same for its own use.

This money had in the meantime, to wit, three years, remained in the custody of the treasurer of Jo Daviess county, having been paid over by appellee to Richard A. Oliver, then treasurer, and by him, on December 22, 1886, turned over to his successor, the appellant. The parties herein previously having agreed to submit said motion without process or pleadings, stipulated that said motion should be heard in chambers in vacation, after the February term of said court, before his Honor, James H. Cartwright, one of the judges of said court, and that the order of the court on said hearing be entered as of the May term of said court. An agreed statement of facts was submitted, together with certain testimony taken before the master. Said cause was accordingly heard by said judge in chambers, the arguments being made on the agreed facts and testimony submitted, all of which appears in the record, and on said hearing the court made an order commanding appellant to pay over to appellee all of said $40,000. To which order and decision the defendant excepted, and prayed this appeal.

Messrs. THOMAS H. HODSON and WILLIAM W. WAGDIN, for appellant.

Messrs. M. Y. JOHNSON and LOSEY & WOODWARD, for appellee.

LACEY, J. The only question in the case is as to whether the appellant was entitled to a commission of two per cent on the amount so paid in by the appellee, one per cent for receiving, and one per cent for paying out, under Sec. 23, of Chap. 53, of the Revised Statutes, or whether he was entitled to any fee whatever.

In determining the question it will be necessary to examine this section of the statute as well as Sec. 14, Chap. 47, R. S.— the "Eminent Domain Act." The section first above cited provides that "county treasurers shall be allowed, in counties of the first and second class, one per cent for receiving and one per cent for paying out all moneys, county orders and jury cer-

tificates received and paid over by them." The latter section provides that "the payment of the compensation adjudged may in all cases be made to the county treasurer, who shall, on demand, pay the same to the party entitled thereto, taking receipt therefor, or payment may be made to the party entitled, his, her or their conservator or guardian." The former statute was passed March 29, 1872, and the latter April 10, 1872. We do not think the two acts can be regarded as *in pari materia* but even if they should be so regarded it would not be necessary to construe them in the manner contended for by appellant. The supposed great hardship and unreasonableness of requiring the county treasurer to receive condemnation money and hold and pay it out without compensation, is strongly insisted upon by counsel for appellant as a strong reason why the two statutes should receive the construction he insists on, the liability of the fund to pay fees. Such consideration, however, even when well founded, can never supply the face of a statute. But in this case we can not see any great hardship as far as the county treasurer is concerned, whether he is allowed fees out of such fund or not. His salary is fixed by the county board and can be neither increased or diminished by the receiving or not receiving compensation like this, unless in the very remote contingency of his earnings not equaling his salary. But this would probably never happen in any of the counties of the second class in this State. In Jo Daviess county the salary of the treasurer is said to be fixed by the county board at $1,200 per annum. If any one is to be benefited it is the county and not the treasurer; and the Legislature being aware of this condition of things, would not reasonably desire the counties to earn money by acting as the collector for moneys to be paid into the county treasury in cases like this. Condemnation money under the act in question is paid into the county treasury voluntarily on the part of the parties asking the condemnation. It is no part of the general revenues of the county or of any of the various municipalities organized in the county. It is insisted by counsel for appellant that the fact that in the revision act of 1872, the words as they appeared in the former act, "re-

ceived by them (county treasurers) for county purposes," were
so changed as to read " received by them," would so enlarge
it as to entitle county treasurers to collect fees on all moneys
paid into their hands from any sources whatever. But we
think it may be insisted with much force that nothing more
was intended by the change than to empower the treasurer to
collect fees from the various moneys raised by taxation in
the county by municipal bodies other than the county, and
where such moneys might legally come into the hands of the
treasurer. The " Eminent Domain Act " had not then been
passed.

But however this may be regarded, or whether the treas-
urer would be liable on his official bond for the safe-keeping
of the condemnation money, we think it is clear that Sec. 14
of Chap. 44, above cited, excludes the idea that the treasurer
may charge fees for receiving and paying out the same. The
entire amount by this act is required to be paid out to the
party entitled to it without any provision for the payment of
fees, and to hold that fees may be deducted by the treasurer
would be to interpolate words of important purport into the
act not there found. This we think would be unwarranted,
and extending the rules of construction too far. Sec. 14,
Chap. 47, therefore, must be regarded as a modification of, or
exception to Sec. 23, Chap. 53, as far as the question of the
treasurer's right to collect fees from such deposit money is
concerned, even if without that he would have such right. It is
not uncommon for the Legislature to impose burdens on officers
not existing when the office is created, and for which no fees
are allowed, the idea being that such officer is fully compen-
sated by other fees. Public officers take their offices *cum
onere*, which they well know when elected. Of such class of
duties is the reception and safe-keeping of sums of money paid
into the county treasury belonging to estates of deceased par-
ties not called for, for which no fee is allowed to the treas-
urer. Secs. 2 and 7, Chap. 49, R. S. The fact that the party
depositing the condemnation fund in question afterward
desires to withdraw it can not change the character of the
transaction. The money in question was deposited under the

provisions of the "Eminent Domain Act," and it will not lose its character as such fund, no difference who desires to withdraw it. Even if there were a mistake in so placing it the depositor would have a right to withdraw it without paying fees. It was a deposition under the act made in good faith and received by the treasurer as such. We are satisfied that the court below did not err in its judgment.

The judgment is therefore affirmed.

*Judgment affirmed.*